**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MARC NORFLEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1758−MJR |
| | ) | |
| JOHN BALDWIN, | ) | |
| SHERRY BENTON, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| SAMUEL FURLOW, | ) | |
| LAWLESS, | ) | |
| JOHN DOES ORANGE CRUSH | ) | |
| MEMBERS, | ) | |
| GAETZ, | ) | |
| TOMAS SPILLER, | ) | |
| NEWMAN, and | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Marc Norfleet, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Amended Complaint**

Plaintiff originally filed suit on September 24, 2018. (Doc. 1). He filed an Amended Complaint on November 7, 2018. (Doc. 11). On November 20, 2018, the Court determined that the Amended Complaint contained mis-joined claims, and severed Plaintiff's claims into separate suits. As relevant to the claims proceeding in this action, Plaintiff has alleged the following:

Plaintiff alleges that Defendants Lawless and John Doe members of the Orange Crush team destroyed Plaintiff's TV, causing $201.25 worth of damages while Newman watched. (Doc. 11, p. 7). Plaintiff does not specifically state when this happened, but alleges that he filed a case in the Illinois Court of Claims, No. 15 CC 1341 seeking reimbursement for his TV on November 7, 2014. *Id*. Plaintiff also alleges that at the time the TV was broken, Lawless and Spiller failed to

either enter his cell, confirming the break, or allow him to leave his cell to take the broken TV to personal property. (Doc. 11, p. 8). As a result, when staff investigated Plaintiff's grievance 6 months later, he was unfairly disciplined for having a working TV at that time. (Doc. 11, pp. 8-9). When Plaintiff was sent to segregation because of this ticket, his personal property was never forwarded to him, causing further deprivation. (Doc. 11, p. 10). Plaintiff alleges his remedy in the Illinois Court of Claims is inadequate because the state court ignored the facts. *Id.*

Plaintiff also alleges that IDOC, Baldwin, and Lashbrook denied Plaintiff the ability to exhaust his administrative remedies to the ARB, and Benton failed to timely process the grievances, thus denying him access to the Illinois Court of Claims. (Doc. 11, p. 18).

**Discussion**

The severance order designated 3 claims for this action:

**Count 1** – Lawless, John Doe Orange Crush Members, Newman, Spiller; Gaetz, Benton, and Baldwin deprived Plaintiff of his due process rights when they shook down his cell sometime in 2014 and destroyed his property;

**Count 2** – Furlow, Spiller, Gaetz, and Benton further deprived Plaintiff of due process and/or equal protection rights by depriving him of his personal property by writing him a disciplinary report about the grievances he filed regarding the initial property damage, which caused Plaintiff to be sent to segregation without his property and/or condoned such conduct;

**Count 3** – Lashbrook, Illinois Department of Corrections ("IDOC"), Baldwin, and Benton deprived Plaintiff of his access to courts by failing to respond to his grievances regarding his lost personal property that formed the subjects of his Court of Claims suits: 15 CC 1341 and 17 CC 00782.

Plaintiff's claims are legally frivolous and will be dismissed with prejudice. Plaintiff alleges that the confiscation of his personal property denied him of his due process rights in **Counts 1 and 2**. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36

(1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

Plaintiff attempts to get around this by describing the remedy available to him in the Court of Claims as inadequate, presumably because he lost there. However, there is no case law that suggests that the inquiry into whether a post-deprivation remedy is available turns on the facts of a particular case. The Illinois Court of Claims is a sufficient remedy as a matter of law; the Court need not inquire into their disposition of any specific matter.[1] Moreover, Plaintiff also has an adequate remedy for his allegedly improper loss in the Court of Claims. Although Illinois statute does not provide for a direct appeal from a decision of the Court of Claims, a claimant may use the common-law writ of certiorari to seek review in the state circuit court of an alleged due process violation by the Court of Claims. *Reichert v. Court of Claims of State of Illinois*, 786 N.E.2d 174, 177 (Ill. 2003); *see also Reichert v. Court of Claims*, 907 N.E.2d 930, (Ill. App. 2009). Just as a Court of Claims remedy provides all the process that is due for a property claim, the availability of state certiorari review precludes any federal claim for the denial of due process in a Court of Claims proceeding. Accordingly, **Counts 1 and 2** will be dismissed with prejudice.

In **Count 3**, Plaintiff has alleged that Lashbrook, Benton, and IDOC deprived him of his right to access the courts by denying his grievances related to the confiscation of his personal property.

---

[1] Such an inquiry is barred by principles of res judiciata. *Powell v. Snyder*, 84 F. App'x 650, 651-52 (7th Cir. 2003).

As an initial matter, IDOC is an improper defendant because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages.); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Accordingly, IDOC will be dismissed with prejudice.

A prisoner states an access to courts claim when he shows that he suffered an actual injury and that the injury caused a detriment that affected meritorious litigation. *Lewis v. Casey*, 518 U.S. 343. 348 (1996); *Devbrow v. Gallegos*, 735 F.3d 584 (7th Cir. 2013;. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).

However, a prisoner has no constitutional right to access the Illinois Court of Claims because the right of access to courts applies only to habeas corpus and civil rights filings. *Lewis v. Casey*, 518 U.S. 343 (1996); *Cunningham v. Washington*, 16 F. App'x 502, 505 (7th Cir. 2001) (upholding dismissal of prisoner's claim that his transfer out of state deprived him of the opportunity to pursue a claim in the Illinois Court of Claims regarding the confiscation of his property). *Cunningham* also expressed doubt that an inmate could ever pursue a First Amendment access to courts claim based on the denial of an administrative grievance. 16 F. App'x at 505 (calling it a "novel" theory of recovery). As there is no constitutional right to access the Illinois Court of Claims, Plaintiff's allegations that the Defendants deprived him of his First Amendment rights are legally frivolous.

**Pending Motions**

Plaintiff filed two documents on November 28, 2018. The first takes issue with the Court's decision to deny him leave to file a Third Amended Complaint prior to screening. (Doc. 15). The Court finds no error in its prior decision. Furthermore, the Court finds that any amendment would be futile to cure the issues identified above. Accordingly, to the extent that Doc. 15 requests relief, it is **DENIED**. (Doc. 15).

Plaintiff also filed a Motion for Objection and Renewed Request to Revive Defendant Jane Doe 1. (Doc. 16). Although Jane Doe 1 was dismissed from this action, the claims against her were severed into case 18-cv-2103-JPG. Accordingly, the Clerk of Court is **DIRECTED** to file Doc. 16 in case 18-cv-2103-JPG. The motion shall be **TERMINATED** in this action. (Doc. 16).

**Disposition**

**IT IS HEREBY ORDERED** that the Amended Complaint is **DISMISSED with prejudice** as legally frivolous. This shall count as a "strike" for purposes of 28 U.S.C. 1915(g). Plaintiff now has two strikes, which he must disclose in all future litigation. To the extent the Response at Doc. 15 requests relief, it is **DENIED**. (Doc. 15). The Clerk of Court is **DIRECTED** to terminate Doc. 16 and file a copy of that motion in case 18-cv-2103-JPG.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover,

if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case an enter judgment.

**IT IS SO ORDERED.**

**DATED: December 4, 2018**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. Chief District Judge**