## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARC NORFLEET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv−1758−MJR** |
| | ) | |
| **JOHN BALDWIN,** | ) | |
| **SHERRY BENTON,** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| **SAMUEL FURLOW,** | ) | |
| **LAWLESS,** | ) | |
| **JOHN DOES ORANGE CRUSH** | ) | |
| **MEMBERS,** | ) | |
| **GAETZ,** | ) | |
| **TOMAS SPILLER,** | ) | |
| **NEWMAN, and** | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court on Plaintiff's Motion to Reconsider the severance and dismissal of this case. (Doc. 20). This case was dismissed with prejudice on December 4, 2018 and judgment was entered. (Doc. 17)(Doc. 18). On December 21, 2018, Plaintiff filed the present motion. (Doc. 20). For the following reasons, Plaintiff's Motion is **DENIED**. (Doc. 20).

## The Motion to Reconsider

Plaintiff brings his Motion pursuant to Fed. R. Civ. P. 59(e). Plaintiff disputes previous denials of his requests to compel prison officials to procure more legal supplies and instructions to adhere to the page limits in the local rules that were given in Plaintiff's other cases. (Doc. 20, pp.

1

3-4). Plaintiff also takes issue with the Court's instruction that if he wishes to renew his request for a preliminary injunction, he should file it in another case raising claims related to his present incarceration and limit the motion to 5,000 words or less. (Doc. 20, p. 5).

Plaintiff alleges that the Court was wrong to perform "two" screenings pursuant to § 1915A. (Doc. 20, pp. 6, 13). This denied Plaintiff his due process rights because he could not file a Rule 59(e) motion regarding the severance order prior to the Court's order regarding the merits of the claims remaining in this action. (Doc. 20, pp. 6-7).

The Court's severance order allegedly violated Plaintiff's due process and equal protection rights when it severed claims out of this lawsuit because the Court would not have been able to assess a strike if those claims remained in this suit pursuant to *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). (Doc. 20, p. 13).

Plaintiff also contests the Court's conclusion that the Illinois Court of Claims provides an adequate remedy for his claims of lost property. (Doc. 20, p. 16). Plaintiff claims that the mandamus remedy available in state court is insufficient and that a direct appeal process is necessary. (Doc. 20, pp. 16-17). Plaintiff also argues that he has never been informed of the availability of mandamus relief. *Id.*

Plaintiff further takes issue with the Court's conclusion that his property claims were severable because he argues that they all happened at Pinckneyville Correctional Center, concern subordinate Illinois Department of Corrections ("IDOC") employees, and caused the loss of property. (Doc. 20, p. 19).

Plaintiff also cites *Merritte v. Rolla*, 15-cv-794-JPG, 2015 WL 5062773 at *3 (S.D. Ill. August 26, 2015) for the proposition that just because a plaintiff made allegations against several

groups of defendants across three correctional institutions, severance was not mandatory. (Doc. 20, p. 19).

Plaintiff also repeats his key allegations with regards to Counts 2-5, and argues that, in light of his allegations, the severance of his other claims "needs correcting." (Doc. 20, pp. 20-22).

## Analysis

Rule 59(e) provides a basis for relief, where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002) (internal citation omitted).

Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

All of Plaintiff's arguments are frivolous. First, this case is an inappropriate place to contest orders entered in other cases, and so to the extent that Plaintiff requests relief based on events that happened in other cases, that relief is denied.

Secondly, Plaintiff argues that the Court's enforcement of its local rules setting page limits for motions is unfair to him because he is sometimes forced to use smaller, unstandardized pages. The Court specifically translated its page limit into a word count (5,000), which Plaintiff should be able to adhere to regardless of the size of his pages. Plaintiff is once again reminded that he must conform to the local rules, including limits on motion length. The Court is entitled to enforce its local rules, but as the Court has not struck any of Plaintiff's motions in this case for being overly long, the point is moot.

Plaintiff next argues that he was prejudiced because the Court conducted two screenings of his case. The Court did not address the merits of Plaintiff's claims twice; it very clearly addressed whether the claims were properly joined in one order and then considered their merits in the next. Plaintiff argues that he was prejudiced because he could not raise his issues regarding the severance in a Rule 59(e) motion prior to this case being dismissed by separate order. The Court does not see any prejudice. Nothing in the Federal Rules of Civil Procedure requires the Court to wait a certain amount of time after it enters an order before acting on a case again.[1] Additionally, Plaintiff has raised his issues regarding the severance in the present motion. He has not lost an opportunity to make himself heard, and the Court will consider his arguments regarding

---

[1] By its terms, Rule 59(e) applies only to judgments. As the severance order did not result in the entry of a judgment, Rule 59(e) is arguably the incorrect vehicle to raise issues with that order. In contrast, Rule 54(b) permits a court to reconsider non-final orders. The Court has seldom taxed pro-se litigants with distinguishing between the two rules as the standards are functionally indistinguishable, but it is worth noting that Rule 54(b) does not reference the 28-day deadline.

severance. The fact that the Court issued more than one order in this case did not prejudice Plaintiff.

Turning to Plaintiff's arguments regarding the merits, Plaintiff argues that *Turley v. Gaetz* stands for the proposition that a Court cannot sever claims into new actions if that means the original claims would be dismissed and a strike assessed. *Turley* stands for the proposition that a court cannot assess a strike unless the suit is dismissed in its entirety as non-meritorious. 625 F.3d 1005, 1012 (7th Cir. 2010). *Turley* discussed the joinder case, *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). *Turley* did not overrule *George* or revise its guidance on how to handle joinder issues in prisoner litigation. *Turley*, 625 F.3d at 1011. The Seventh Circuit has also recently reiterated the core holding of *George*: unrelated claims against different defendants belong in different suits. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). If Plaintiff's claims were *properly* joined, the Court would be wrong to assign Plaintiff a strike for dismissing less than all of them, but the Court knows of no precedent that requires it to forebear assessing a strike after severing *improperly* joined claims pursuant to Fed. R. Civ. P. 21. Whether a claim will survive review pursuant to § 1915(g) is not relevant to the issue of whether claims are properly joined. *Turley*, 625 F.3d at 1011. ("The references to §1915(g) are not essential to the outcome . . .."). Plaintiff's reference to *Turley* does not establish that the Court has made an error of law.

Plaintiff also cites to *Merritte v. Rolla*, 2015 WL 5062773 at *3 (S.D. Ill. August 2015) for the proposition that severance of claims arising at different prisons is not mandatory. That case was a non-precedential decision, and since it was decided, the Seventh Circuit noted that a case where a prisoner had brought claims of similar conduct across multiple prisons should have been severed into separate suits. *Owens*, 860 F.3d at 436. There is a strong presumption therefore, that claims arising at different prisons are not part of the same transaction or occurrence. But more to

the point, the Court did not sever Plaintiff's claims because it thought severance was mandatory; it severed as an act of its discretion. Plaintiff's argument that it was a mistake of law to consider severance mandatory is irrelevant because the Court did not act on that assumption.

Plaintiff also argues that his other property claims should not have been severed into separate suits because they involved IDOC employees, occurred at Pinckneyville, and involved the loss of property. That may be true, but it ignores other relevant facts that mitigate in favor of construing the claims as separate transactions or occurrences. The Court kept three of Plaintiff's property claims in this suit. (Counts 1-3). Plaintiff alleges that Defendants Lawless, John Doe Orange Crush Members, Newman, Spiller; Gaetz, Benton, and Baldwin were involved in the alleged confiscations, that they happened in 2014, and that his property was confiscated pursuant to a cell shake down and subsequent discipline. The Court severed other property claims into a suit against Wanack, Norris, and Spiller (Counts 9 and 10). Those claims alleged that Plaintiff's property was confiscated in 2016 and were unclear as to the circumstances. The Court also severed Count 11 into a third property claim suit. The Complaint was unclear as to exactly when the acts in Count 11 occurred and the circumstances surrounding them, only that they occurred prior to October 6, 2016. Scro, Overtrip, Lashbrook, and Benton were named in Count 11.

As to the three cases, the groupings of defendants differed between all three. There was also nearly a two-year gap between this case and the other property cases. Plaintiff's Complaint did not describe the circumstances surrounding his 2016 property claims and nothing in the Complaint suggests that they were part of the same transaction or occurrence as the 2014 property claims. Additionally, Plaintiff is a convicted prisoner, so the fact that all three cases occurred at the same prison and were carried out by employees of that prison is of minimal relevance to whether the claims were part of the same transaction or occurrence. If that were all it took, no

claims would be severable. Having reviewed original Complaint, the Court finds no legal or factual error in its conclusion that Plaintiff's property claims arose out of separate incidents and were not part of the same transaction or occurrence.

Plaintiff also alleges that the Court violated his due process rights when it severed this case. That allegation is patently frivolous. The Court has discretion to manage cases as it sees fit. Moreover, Plaintiff was instructed that he could inform the Court if he wished not to proceed with any of the severed claims. Severance only changed the arrangement of Plaintiff's claims; it did not eliminate any of them, and the opt-out procedure will allow Plaintiff to avoid incurring additional filing fees if he wishes to save his money. There has therefore been no taking of Plaintiff's life, liberty, or property.

Plaintiff also seeks reconsideration of the judgment issued in this case. Specifically, he argues that he was unaware that he could seek mandamus relief as to decisions of the Court of Claims. He argues that the state is violating his constitutional rights by failing to provide for a direct appeal process. As the Court explained in its order dismissing this case, the proper inquiry is whether the remedy provided by the Court of Claims satisfies due process. The Seventh Circuit has previously held that it does as a matter of law. The particulars of Plaintiff's situation are irrelevant. Plaintiff has not provided any legal precedent providing otherwise. He has therefore not articulated viable grounds for relief, and the fact that he did not know about the availability of mandamus relief is immaterial. Accordingly, the Court finds no grounds to reconsider its order dismissing this case and assessing as trike.

Plaintiff's bare recitation of claims with the notation that their disposition needs correcting provide no grounds for relief, nor do any of Plaintiff's other arguments. According, Plaintiff's Motion is **DENIED**. (Doc. 20).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider is **DENIED**. (Doc. 20).

If Plaintiff wishes to appeal the dismissal of his case, his notice of appeal must be filed with this court within thirty days of the entry of this order. FED. R. APP. P. 4(a)(1)(A); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: 1/24/19**

s/ Michael J. Reagan
**United States Chief District Judge**

8